UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION | MDL 1566<br>2:03-CV-01431-PMP-PAL<br>BASE FILE |
| NEWPAGE WISCONSIN SYSTEM INC., | |
| Plaintiff, | 2:09-CV-00915-PMP-PAL |
| v. | |
| CMS ENERGY CORPORATION, et al., | ORDER RE: DEFENDANTS' MOTION TO DISMISS (Doc. #39-23 in 2:09-CV-00915-PMP-PAL) |
| Defendants. | |

Presently before this Court is Defendants' Motion to Dismiss for Failure to State a Claim (Doc. #39-23 in 2:09-CV-00915-PMP-PAL), filed in this Court on May 22, 2009. Plaintiff filed an Opposition (Doc. #1674) on June 26, 2009. Defendants filed a Reply (Doc. #1704) with supporting declaration (Doc. #1705) on July 17, 2009.

**I.     BACKGROUND**

This case is one of many in a consolidated Multidistrict Litigation ("MDL") arising out of the energy crisis of 2000-2001. Plaintiff originally filed this action in the circuit court, Wood County, Wisconsin. (Notice of Removal [Doc. #39-2 in 2:09-CV-00915-PMP-PAL].) Defendants removed the case to the United States District Court for the District of Wisconsin. (Id.) The Judicial Panel on Multidistrict Litigation entered a Transfer Order centralizing the foregoing action in this Court for coordinated or consolidated pretrial proceedings. (Conditional Transfer Order (Doc. #40 in 2:09-CV-00915-PMP-PAL).)

Plaintiff NewPage Wisconsin System ("NewPage") is a Wisconsin corporation. (Notice of Removal, Compl. at 8.) According to the Complaint, Defendants are natural gas companies that buy, sell, transport, and store natural gas, including their own and their affiliates' production, in the United States and in the State of Wisconsin. (Id. at 9-55.) In this litigation, Plaintiff alleges Defendants conspired to engage in anti-competitive activities with the intent to manipulate and artificially increase the price of natural gas for consumers. (Id.) Specifically, Plaintiffs allege Defendants, directly and through their affiliates, conspired to manipulate the natural gas market by knowingly delivering false reports concerning trade information to trade indices and engaging in wash trades, in violation of Wisconsin Statutes chapter 133. (Id.)

The Complaint asserts two causes of action. Count one arises under Wisconsin Statutes § 133.14, which voids contracts to which an antitrust conspirator is a party and allows recovery of payments made pursuant to such a contract. (Id. at 59-60.) Count two seeks trebled actual damages under Wisconsin Statutes § 133.18 for Defendants' alleged antitrust violations. (Id. at 60-61.)

Defendants move to dismiss, arguing Plaintiff's claims are barred by the statute of limitations. Defendants also argue the claims should be dismissed as duplicative of a pending putative class action suit in this MDL in which NewPage is a class member.[1] Plaintiff responds that its claims are timely and not duplicative of Arandell Corporation v. Xcel Energy, Inc., 2:09-CV-01019-PMP-PAL.

///
///
///

---

[1] Defendants also move to dismiss under the Credit Suisse doctrine. This Court already has rejected the applicability of that doctrine to the allegations in the various MDL complaints. (See Order (Doc. #1815).)

## II. DISCUSSION

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Hydrick v. Hunter, 500 F.3d 978, 985 (9th Cir. 2006) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Although there is a strong presumption against dismissing an action for failure to state a claim, a plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. Bell Atl. Corp. v Twombly, --- U.S. ----, 127 S. Ct. 1955, 1965 (2007); Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Twombly, 127 S. Ct. at 1964-65.

### A. Statute of Limitations

Defendants argue the Complaint is barred by the statute of limitations because the Complaint was filed more than six years after the alleged "Relevant Time Period" of Defendants' purported misconduct, which the Complaint identifies as January 1, 2000 to October 31, 2002. Defendants argue the discovery rule does not apply because the Complaint's allegations of discovery are conclusory, and there is evidence that Defendants' alleged conduct was publicly known by the fall of 2002. Specifically, Defendants note that the Complaint alleges NewPage was one of the largest energy purchasers in Wisconsin, and that it purchased millions of dollars worth of natural gas from CMS during the Relevant Time Period, and that in September 2002, five major gas companies, including CMS,

admitted they had provided false information to index publishers.[2]

Plaintiff responds that the Wisconsin antitrust statute specifically states that an antitrust action does not accrue until the plaintiff discovers the facts constituting the claim. Plaintiff responds that it adequately has alleged it discovered facts supporting its claim less than six years prior to filing the present action. Plaintiff contends that because the statute of limitations is an affirmative defense, Plaintiff need not have anticipated the defense and pled any more factual detail. Plaintiff further argues that discovery is a factual question best decided on summary judgment or at trial. As for the allegation regarding the public disclosures in September 2002, Plaintiff contends the Complaint does not state to whom the admission was made, that Plaintiff was aware of such admission, or that such admission should have put Plaintiff on notice that the trading impacted the Wisconsin natural gas market or that Defendants colluded. Plaintiff also argues that because NewPage is a putative class member in the Arandell action, the statute of limitations has been tolled for NewPage since the Arandell action was filed, as the Court has not yet ruled on the class certification issue in Arandell.

Claims under Wisconsin's antitrust statute must be brought "within 6 years after the cause of action accrued." Wis. Stat. § 133.18(2). A Wisconsin antitrust claim "does not accrue until the discovery, by the aggrieved person, of the facts constituting the cause of action." Id. § 133.18(4). Wisconsin law further provides that:

> When, in a civil class action, a class or subclass is decertified or a class or subclass certification is denied, the statute of limitations provided in this section is tolled as to those persons alleged to be members of the class or subclass for the period from the filing of the complaint first alleging the class or subclass until the decertification or denial.

Wis. Stat. § 133.18(2). "A claim may be dismissed under Rule 12(b)(6) on the ground that

---

[2] Defendants further argue Plaintiff cannot assert fraudulent concealment because it failed to plead fraud with particularity. Plaintiff states it does not intend to argue fraudulent concealment at this time. (Opp'n at 29.)

4

it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quotation omitted).

Viewing the allegations in the Complaint in the light most favorable to Plaintiff, the Court will deny the motion to dismiss NewPage's claims on statute of limitations grounds. Wisconsin law tolls the limitations period for any putative class member's antitrust claim from the time the proposed class action complaint is filed until class certification is denied. The Court has not yet granted or denied certification, but NewPage's Wisconsin antitrust claims have been tolled in the meantime under § 133.18(4).

Moreover, § 133.18(2) provides for a discovery rule. NewPage contends it did not discover facts giving rise to its claim until within six years of filing the Complaint. The only allegation Defendants rely upon to show NewPage discovered its claim earlier is paragraph 71 of the Complaint, which alleges that in September 2002, five major natural gas companies, including Defendants in this action, admitted that they provided falsified information to index publishers. However, that allegation does not state to whom the traders admitted their conduct, whether those admissions were publicly released, whether the admitted activity related to natural gas pricing in Wisconsin as opposed to alleged market manipulations in the western United States energy market, or whether the natural gas traders engaged in collusive price manipulation.

Finally, as to Defendants' argument that NewPage has not alleged sufficient facts regarding discovery in its Complaint, Wisconsin does not require a plaintiff to "anticipate" an affirmative defense based on the statute of limitations "by pleading against it in a complaint." Storm v. Legion Ins. Co., 665 N.W.2d 353, 371 n.34 (Wis. 2003) (citing Robinson by Robinson v. Mount Sinai Med. Ctr., 402 N.W.2d 711, (Wis. 1987)). The United States Court of Appeals for the Ninth Circuit has left open the question whether, absent an allegation of fraud, a plaintiff in federal court who seeks to toll a state statute of

5

limitations must include supporting factual allegations in the complaint, even if the applicable state's law would not require the plaintiff to do so. See Wasco Products, Inc. v. Southwall Tech., 435 F.3d 989, 991 (9th Cir. 2006). The Court concludes that no such pleading requirement exists and the Court will not require Plaintiff NewPage to file an amended complaint to avoid dismissal. However, the Court will grant Plaintiff NewPage thirty (30) days to amend to add factual allegations regarding discovery and the tolling of the limitations period, if NewPage wishes to make such allegations as a precautionary measure.

### B. Duplicative Action

Defendants argue this action duplicates Arandell currently pending in this Court as part of the MDL proceedings and NewPage falls within the definition of the class the Arandell Plaintiffs seek to certify. Plaintiff responds that its action does not duplicate Arandell because it includes Defendants who are no longer Defendants in Arandell and NewPage is not a named plaintiff in Arandell.

While the two cases raise similar issues and claims, this action is not duplicative of Arandell. Plaintiff NewPage is not a named plaintiff in Arandell and no class which includes NewPage has been certified in that action. The Court will not dismiss the suit as duplicative.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. #39-23 in 2:09-CV-00915-PMP-PAL) is hereby DENIED.

///
///
///
///
///

6

IT IS FURTHER ORDERED that Plaintiff NewPage is granted thirty (30) days within which to file an amended complaint to add factual allegations regarding discovery and the tolling of the limitations period, if NewPage chooses to do so.

DATED: June 4, 2010

_____
PHILIP M. PRO
United States District Judge